Matthew D. Fischer (SBN 238533)
(*fischer@smallpondlegal.com*)
400 Oceangate, Suite 800
Long Beach, California 90802
Tel: 562.206.1611 / Fax: 562.206.1613

Attorneys for Plaintiff,
Mark Alexander as the Trustee of the Alexander Family Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALEXANDER, as Trustee of the Alexander Family Trust,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>DYNAFLEX INTERNATIONAL, INC., a California corporation,<br><br>                    Defendant. | Case No. 8:14-cv-2005<br><br>**COMPLAINT FOR**<br>**1) PATENT INFRINGEMENT,**<br>**2) FEDERAL UNFAIR COMPETITION,**<br>**3) CALIFORNIA UNFAIR COMPETITION** |

Plaintiff MARK ALEXANDER, as Trustee of the Alexander Family Trust ("ALEXANDER"), alleges as follows:

## I. NATURE OF THE ACTION

1. This is a complaint for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, and unfair competition arising under both the Federal Lanham Act, Title 15 of the United States Code, and California state law, California Business and Professions Code § 17200, *et seq.* ALEXANDER seeks to enjoin the actions of Defendant, DYNAFLEX

- 1 -

INTERNATIONAL, INC. ("DYNAFLEX") and to recover damages, as set forth below.

## II. THE PARTIES

2. Plaintiff, ALEXANDER, is a living trust prepared and located in Brisbane, Australia.

3. Upon information and belief, Defendant, DYNAFLEX, is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1144 North Grove Street, Anaheim, California. DYNAFLEX's agent for service of process is Floyd T. Smith, located at the same address. ALEXANDER is further informed and believes that DYNAFLEX does business in the Central District of California.

## III. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the federal law claims in this action pursuant to 15 U.S.C. § 1116 *et seq.*, 35 U.S.C. §1 *et seq.*, 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties.

6. Venue is proper under 28 U.S.C. §§ 1391(a)(2), (b)(2) and 1400 (b).

## IV. FACTS COMMON TO ALL CLAIMS

7. ALEXANDER is primarily in the business of designing, manufacturing and marketing physical therapy products for distribution in the United States, Australia, and throughout the world.

COMPLAINT

8.  ALEXANDER products are distributed throughout the United States primarily through medical and physical therapy offices and stores, and through internet sales.

9.  DYNAFLEX manufactures, markets and sells physical therapy products under license with various inventors and patent holders.  DYNAFLEX sells and distributes its products through a variety of retail distribution channels, primarily the internet.

10.  On July 6, 2004, ALEXANDER was duly issued United States Patent Number D492,791S ( the "'791 Patent") entitled "Massage Device for Spine."  Mark Thomas Alexander is listed as its inventor and Mark Alexander is listed as his assignee.

11.  A true and correct copy of the '791 Patent is attached hereto as Exhibit 1.

12.  In or about 2006, ALEXANDER licensed the '791 Patent to a company called Inkfish, Inc. ("INKFISH") (the license shall be referred to herein as the "Inkfish License").  INKFISH, in turn, partnered with DYNAFLEX to manufacture and distribute the '791 Patent in the United States.

13.  Shortly thereafter, INKFISH and DYNAFLEX informed ALEXANDER that they wished to terminate the license.  After extensive negotiations and litigation, INKFISH filed for bankruptcy and ALEXANDER was informed that DYNAFLEX had ceased manufacturing and selling products made pursuant to the '791 Patent.

14.  In or about 2010, ALEXANDER discovered that DYNAFLEX was continuing to manufacture products based on the '791 Patent (the "Infringing Products") and continued to sell them in the United States through Amazon.com and other retail channels.  ALEXANDER immediately contacted DYNAFLEX and demanded a halt to production of the Infringing Products and an accounting of all sales thereof.

15.  In response, DYNAFLEX contacted ALEXANDER and sought to negotiate a license to continue production and sale of the Infringing Products.

16.   Over the next several years, no agreement was ever reached between ALEXANDER and DYNAFLEX to license the '791 Patent.  DYNAFLEX continued to produce and sell the Infringing Products.  No royalties or accounting information was ever paid or provided by DYNAFLEX to ALEXANDER.

17.   ALEXANDER has made numerous demands that DYNAFLEX cease production and sale of the Infringing Products and that it account for its prior sales. DYNAFLEX has refused.

## FIRST CAUSE OF ACTION
## PATENT INFRINGEMENT

18. ALEXANDER incorporates herein the allegations of paragraphs 1 through 17 above specifically by reference.

19. On information and belief, DYNAFLEX is engaged in selling and offering to sell the Infringing Products under the name DYNAFLEX Bak-Balls or DFX Bak-Balls, that are covered by one or more claims of the '791 Patent.

20. Defendant does not have a license or permission from ALEXANDER to practice any of the legal rights granted under the '791 Patent.

21. On information and belief, Defendant's infringement has been, and continues to be, with full knowledge of the '791 Patent and is deliberate and willful infringement thereof.

22. By reason of Defendant's infringement of the patent, Defendant has caused and continues to cause ALEXANDER to suffer damage and irreparable harm. ALEXANDER has no adequate remedy at law for Defendant's infringement of the '791 Patent. On information and belief, Defendants' infringement of the '791 Patent will continue unless enjoined by this Court.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

COMPLAINT

23. ALEXANDER repeats and realleges each and every allegation contained in paragraphs 1 to 22, inclusive, of this Complaint and incorporates them by reference as though fully and completely set forth herein.

24. ALEXANDER is informed and believes, and on that basis alleges that DYNAFLEX has used in commerce the following false or misleading statements or descriptions of material fact in connection with the sale or promotion of certain of its products and/or its commercial activities to create confusion or the illusion that its product offerings are produced and distributed with the consent of ALEXANDER.

25. All of DYNAFLEX's marketing material and product information is taken directly from that information provided by ALEXANDER under the Inkfish License. ALEXANDER has not authorized DYNAFLEX to utilize the marketing and product information acquired via the Inkfish license to market the Infringing Products.

26. DYNAFLEX's use of the product and marketing information obtained through the Inkfish License is false and/or misleading and continues to be made in commercial advertisements for products that are sold and offered for sale, on information and belief, throughout the United States.

27. All the aforementioned statements by Defendant are material because they are directed to at least the design, construction, and quality of its products, and thus, on information and belief, are statements likely to influence a consumers purchasing decision.

28. On information and belief, Defendant's statements actually deceived or were likely to deceive consumers.

29. ALEXANDER has been damaged by, and Defendant has profited from its wrongful conduct in an amount to be proven at trial, and ALEXANDER is entitled to compensatory and enhanced damages, and attorneys' fees.

30. Monetary relief alone is not adequate to address fully the irreparable injury that Defendant's illegal and deceitful business dealings have caused and will continue to cause ALEXANDER if Defendant is not enjoined. ALEXANDER is

COMPLAINT

1   therefore entitled to preliminary and permanent injunctive relief to stop Defendant's
2   wrongful conduct.

3                        **THIRD CAUSE OF ACTION**
4                        **UNFAIR COMPETITION**
5      **(California Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.)**

6          31. ALEXANDER repeats and realleges each and every allegation contained
7   in paragraphs 1 to 30, inclusive, of this Complaint and incorporates them by
8   reference as though fully and completely set forth herein.

9          32. By reason of the conduct described above, Defendant has engaged in
10  unlawful and unfair ongoing business practices.

11         33. As a direct result of Defendant's unfair competition, DYNAFLEX has
12  unlawfully acquired, and continues to acquire on an on-going basis, an unfair
13  competitive advantage and has engaged, and continues to engage, in wrongful
14  business conduct to its advantage and to the detriment of ALEXANDER.

15         34. The acts of Defendant complained of herein constitute unfair competition
16  in violation of the California Unfair Competition Statue, Cal. Bus. & Prof. Code §
17  17200, as they are likely to deceive and mislead the public.

18         35. As a result of the foregoing alleged actions of Defendant, Defendant has
19  been unjustly enriched, and ALEXANDER has been injured and damaged, which
20  will be proven at trial. Unless the foregoing alleged actions of Defendant are
21  enjoined, ALEXANDER will continue to suffer injury and damage.

22
23         **WHEREFORE,** ALEXANDER prays for entry of an order and judgment
24  that:

25         (a) Pursuant to 35 U.S.C. § 271, this Court enter judgment that the Defendant
26  has been and is currently infringing the '791 Patent;

27         (b) Defendant, its officers, agents, servants, employees, assigns, successors in
28  interest, and attorneys, and all those in active concert or participation with them who

                                    - 6 -

1   received actual notice of the injunction, by personal service or otherwise, be

2   permanently enjoined from infringing the '791 Patent;

3         (c) That such infringement has been and is willful;

4         (d) Defendant be directed to pay ALEXANDER the amount of damages that it

5   has sustained as a result of Defendant's acts of patent infringement, and that such

6   damages be trebled under 35 U.S.C. §284;

7         (e) This be declared an exceptional case under 35 U.S.C. § 285 and that

8   ALEXANDER be awarded its attorneys' fees;

9         (f) Defendant has competed unfairly with ALEXANDER under §43(a) of the

10  Lanham Act, 15 U.S.C. § 1125(a); has violated Cal. Bus. & Professions Code

11  §17200; has otherwise injured ALEXANDER's business reputation in connection

12  with Defendant's false and misleading statements;

13        (g) This be declared an exceptional case under Section 35(a) of the Lanham

14  Act, 15 U.S.C. § 1117(a);

15        (h) Defendant, its officers, agents, servants, employees, assigns, successors in

16  interest, and attorneys, and all those in active concert or participation with them who

17  received actual notice of the injunction, by personal service or otherwise, be

18  permanently enjoined from making further false and misleading statements about

19  their or ALEXANDER's products;

20        (i) Defendant, pursuant to 15 U.S.C. § 1116(a), shall file with this Court and

21  serve upon ALEXANDER within thirty (30) days after entry of the injunction, a

22  report in writing under oath setting forth in detail the manner and form in which

23  Defendant has complied with the injunction;

24        (j) ALEXANDER be awarded Defendant's profits as a result of their unfair

25  and unlawful acts;

26        (k) ALEXANDER be awarded its damages and interest to compensate

27  ALEXANDER, increased up to three times as provided by applicable law as a result

28  of Defendant's unfair and unlawful acts;

COMPLAINT

(l) ALEXANDER be awarded its costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 or other applicable statutes or laws;

(m) ALEXANDER be awarded punitive damages as a result of Defendant's unfair and unlawful acts;

(n) Defendant be ordered to pay an award of pre-judgment interest, post-judgment interest, and costs of the suit to ALEXANDER; and

(o) ALEXANDER be granted such other further relief as the Court may deem proper and just.

DATED:  December 17, 2014                    Respectfully submitted,

                                        /s/  Matthew D. Fischer
                                        MATTHEW D. FISCHER
                                        Attorney for Plaintiff,
                                        Mark Alexander, Trustee of the
                                        Alexander Family Trust